IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**

**U.S. District Court
District of Kansas**

04/09/2026

**Clerk, U.S. District Court
By: SND Deputy Clerk**

WILLIAM M. MUIRURI,                              )
                                                 )
                    Petitioner,                  )
                                                 )
    v.                                           )        Case No. 26-3081-JWL
                                                 )
UNITED STATES ATTORNEY GENERAL;                  )
US JUSTICE DEPARTMENT;                            )
Secretary, DHS; and                              )
Warden, Midwest Regional Reception Center,       )
                                                 )
                    Respondents.                 )
                                                 )
_____  )

## ORDER OF DISMISSAL

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he seeks a stay of his order of removal. Petitioner, a native of Kenya, is subject to a 2013 removal order, and the Board of Immigration Appeals (BIA) recently denied petitioner's motion to reopen his removal proceedings (including the BIA's 2014 dismissal of petitioner's appeal from the removal order) and his motion to stay his removal order.[1] In that denial order, the BIA noted that petitioner was not precluded from continuing to pursue his pending application for a visa, and that under 8 C.F.R. § 214.204(b)(2)(iii), his removal order would automatically be stayed if the Government determined his application to be bona fide. *See id.* In his present petition, petitioner states that the status of his pending

---

[1] Although petitioner was represented by counsel before the BIA, he has filed the instant case *pro se*.

application is unknown, and because he has been told that he will be removed in eight days, he seeks an "emergency" order from this Court staying his removal order. Petitioner has not alleged any violation of federal law, however, or that federal law requires or authorizes this Court to stay his removal order. Nor has he shown that this Court has jurisdiction to act with respect to his pending visa application. Accordingly, petitioner has not established that he is entitled to relief from this Court under Section 2241, and the Court therefore dismisses the petition.

IT IS SO ORDERED.

Dated this 9th day of April, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge